**UNITED STATES of America,
Appellee,**

v.

**Nicholas DEFONTE, Defendant–
Appellant.**

**No. 07–0516–cr.**

United States Court of Appeals,
Second Circuit.

July 15, 2008.

Linda George, Hackensack, NJ, for Appellant.

Rua M. Kelly, Assistant United States Attorney, (Andrew L. Fish, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL,* District Judge.

### SUMMARY ORDER

Defendant–Appellant Nicholas DeFonte, a former federal corrections officer, appeals from a judgment entered February 28, 2007, in the United States District Court for the Southern District of New York (Batts, J.), convicting him, after a jury trial, of: (1) engaging in sexual acts with a female inmate in violation of 18 U.S.C. § 2243(b); (2) engaging in sexual contact with a female inmate in violation of 18 U.S.C. § 2244(a)(4); and (3) making false statements in a matter within the jurisdiction of the executive branch of the United States government in violation of 18 U.S.C. § 1001. DeFonte was also acquitted of two other counts of engaging in sexual acts with a female inmate in violation of 18 U.S.C. § 2243(b). We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

On appeal, DeFonte argues that his convictions were "against the weight of the evidence" because his acquittals revealed that the jury did not credit the testimony of his victim. As a threshold matter, the "weight [of the evidence] is a matter for argument to the jury, not a ground for reversal on appeal." *United States v. Roman*, 870 F.2d 65, 71 (2d Cir.1989). Construing his challenge as one to the sufficiency of the Government's evidence, it is clear that this argument fails. Each of DeFonte's convictions was supported by the testimony of witnesses other than the victim. Regardless, the jury was free to believe some parts of the victim's testimony and not believe others. *See United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979). Moreover, even if the verdicts were actually inconsistent, "it has long been established that inconsistency in jury verdicts of guilty on some counts and not guilty on others is not a ground for reversal of the verdicts of guilty," *United States v. Acosta*, 17 F.3d 538, 545 (2d Cir.1994), because "[e]ach count in an indictment is regarded as it if was a separate indictment," *United States v. Powell*, 469 U.S. 57, 62, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (internal quotations and citations omitted). In addition, there is ample evidence to support DeFonte's convictions.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.

---

* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.